_____

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH
_____

| | | |
|---|---|---|
| EULOGIO HINOJOS, | : | **MEMORANDUM DECISION AND ORDER GRANTING IN PART MOTION TO RE-OPEN FACT DISCOVERY** |
| Plaintiff, | : | |
| | : | |
| -vs- | : | |
| | : | Case No. 2:07-CV-00750 DAK |
| PARK CITY MUNICIPAL CORPORATION, a municipal corporation, and Does I through X, | : | District Judge Dale A. Kimball |
| | : | Magistrate Judge David Nuffer |
| Defendants. | : | |

_____

In early December 2008, the court denied Plaintiff's motion which would have permitted additional discovery after the fact discovery deadline.[1] However, changes in circumstances now require that additional discovery be permitted. To their credit, defense counsel agree to permit some additional discovery. This order permits some discovery beyond that agreed.

### Nature of the Case

This is an employment case. Among other complaints, Plaintiff alleges he was terminated wrongfully. Among other defenses, Defendant alleges Plaintiff was terminated because of inappropriate behavior. One alleged incident occurred at a restaurant in Park City where Plaintiff allegedly offended Brittany Angelovich, the daughter of another Park City employee.

### Pertinent Facts and Issues Presented

---

[1] Docket no. 34, filed December 3, 2008.

A week after the court's last ruling, Park City hand delivered to Plaintiff counsel's law office an investigative memorandum created by Kent Cashel, a Park City employee.[2] The memorandum is a significant document of five pages and had not been previously produced by Defendant. Cashel's deposition was taken Tuesday, December 16, 2008. At his deposition, Cashel testified that all the notes he had were attached to or referenced in the investigative memorandum[3] and that he did not recall any notes of an interview with Brittany Angelovich.[4] Cashel's investigative memorandum has no reference to notes of an interview with Brittany Angelovich. But on Friday, January 2, 2009, Defendant's counsel submitted another document to Plaintiff's counsel – Cashel's undated summary of an interview between Cashel and Brittany Angelovich.

Defense counsel has agreed to re-convene the deposition of Kent Cashel and to provide file memoranda which they can locate which are referenced in the investigative memorandum.[5] (One such document has been delivered as this motion is pending.[6])

However, the parties disagree on two items:

- May Plaintiff take the deposition of Brittany Angelovich, whose complaint of inappropriate behavior was a significant alleged basis of Plaintiff's termination of employment; and

- Should Plaintiff's expert witness be permitted access to the computer of

---

[2] Memorandum in Opposition to Plaintiff's Motion to Re-Open Fact Discovery (Memorandum in Opposition) at iv, docket no. 42, filed February 2, 2009.

[3] Deposition of Kent Cashel at page 28, line 22 – page 29, line 3 attached as Exhibit B to Plaintiff's Memorandum in Support of Motion to Re-Open Fact Discovery, docket no. 39, filed January 22, 2009.

[4] *Id.* at page 33, lines 24-25

[5] Memorandum in Opposition at vii.

[6] Exhibit F to Memorandum in Opposition. *See* Memorandum in Opposition at vii.

>Kent Cashel to verify creation dates of two significant and late produced file memoranda?

### Deposition of Brittany Angelovich

The magistrate judge previously denied leave to take the deposition of Brittany Angelovich. However, Plaintiff has now made the extraordinary effort of a 6-hour, 300-mile round trip to speak with her and she refuses.[7] Defense counsel claims she is under no instruction not to communicate, but she thinks she is. To ensure that trial is fair and to improve the likelihood of settlement by giving the parties knowledge, her deposition should be taken. It should be completed on or before March 27, 2009.

### Forensic Examination

Plaintiff proposes that "an independent and mutually agreed upon expert . . . obtain . . . data from Mr. Cashel's computer"[8] to show the creation and modification dates of the investigative memorandum and Brittany Angelovich interview notes. While Defendant has outlined its explanation of the late production of these materials,[9] information Defendant has later produced muddies the water.[10] Plaintiff is entitled, at his sole expense, to verify the truth of what Defendant is saying.

---

[7] Memorandum in Support at 5-6 and 12.

[8] Plaintiff's Reply to Defendants' Memorandum in Opposition to Plaintiff's Motion to Re-Open Fact Discovery (Reply Memorandum) at 6, docket no. 43, filed February 5, 2009.

[9] Opposition Memorandum at 3-4.

[10] Reply Memorandum at 6 and Exhibit A to Reply Memorandum.

The proposal for direct access to the Cashel computer is too risky, however.[11]  If Plaintiff will pay for a mutually acceptable independent expert to image the storage on the Cashel computer, then Plaintiff's forensic expert may take possession of and have access to the image only for purposes of examining the data files for the investigative memorandum and Brittany Angelovich interview summary (and any backups or fragments of those files) to determine creation and modification dates, and edit history.  The expert shall sign an undertaking to this effect and shall prepare a report which shall be provided to defense counsel if the expert will testify.  The following deadlines control:

    Imaging       March 20, 2009

    Forensic Examination and Report     April 17, 2009

## Award of Expenses

The parties have their differences, but appear to be focusing issues and making agreements in at least some areas.  An award of expenses would impair the relationship.  More to the merits of the issue, the positions of the parties have been substantially justified.  The parties could not come to agreement, which is what litigation is all about.  No expenses will be awarded.

---

[11] *Gates Rubber Co. v. Bando Chem. Indus.,* 167 F.R.D. 90, 112 (D. Colo. 1996).

## ORDER

IT IS HEREBY ORDERED that the motion to re-open fact discovery[12] is GRANTED IN PART to the limited extent stated herein.

Dated this 17th day of February 2009.

                              BY THE COURT:

                              _____
                              Magistrate Judge Nuffer

---

[12] Plaintiff's Motion to Re-Open Fact Discovery, docket no. 38, filed January 22, 2009.